GEORGE A. RICHARDS *vs.* INHABITANTS OF ENFIELD.

A traveller upon a highway, who stops and ties his horse outside of the limits of the high-
way, using due care, cannot, if the horse gets loose and runs upon the highway, and
suffers an injury from a defect therein, maintain an action against the town for such
injury.

ACTION OF TORT for injuries sustained by the plaintiff's horse
from a defect in a highway in Enfield, which the town was
bound to keep in repair.  Trial and verdict for the plaintiff in
the court of common pleas in Hampshire at February term
1859 before *Morris*, J., who signed this bill of exceptions :

" The evidence tended to show that the plaintiff, with said
horse and in a wagon, shortly before the accident, had travelled
from the north towards the south, over a portion of this high-
way, and that he stopped at the house of one Morton for the
purpose of obtaining some corn; that he tied said horse to a
post, and it was conceded at the trial that the place where both
horse and wagon were standing when said horse was so tied
was entirely outside of the external limits of said highway ; that

while the plaintiff was in said Morton's house, putting up the corn, said horse became detached from the post (but how no one saw) and turning completely around, regained said highway, and with said wagon ran homeward on the same road by which said plaintiff had come to said Morton's.

" The plaintiff's evidence tended to show that said horse ran a distance of some twenty rods, and went down an embankment on the easterly side of said highway, and there suffered the injury complained of. And the plaintiff contended that the town's negligence consisted in not providing, on the easterly side of the wrought part of said highway, a suitable railing.

" The defendants asked the court to rule that they were not liable for an injury accruing after the plaintiff had left his horse tied outside of the limits of said highway. But the court, for the purposes of the trial, ruled otherwise, and the defendants excepted.

" The court gave the usual instructions (not objected to by the defendants) as to the necessary care to be used by the plaintiff in the care, management and tying of his horse ; also as to what would be a defect in the road for which the town would be responsible ; and that the defect must have been the sole cause of the accident."

*C. Delano,* for the defendants.

*R. A. Chapman,* for the plaintiff. The jury, under instructions, to which no exception is taken, have found that the plaintiff used proper care in the management and tying of his horse, and that a defect in the road, for which the town was responsible, was the sole cause of the accident. The defendants are therefore liable, although the plaintiff had lost the control of his horse, and lost it outside of the limits of the highway. *Tallahassee* v. *Fortune,* 3 Florida, 19. *Palmer* v. *Andover,* 2 Cush. 600. *Goldthwait* v. *East Bridgewater,* 5 Gray, 61. *Tuttle* v. *Holyoke,* 6 Gray, 447. *Kelsey* v. *Glover,* 17 Verm. 708. Angell on Highways, § 343. *The King* v. *Russell,* 6 East, 427. *Rex* v. *Cross,* 3 Campb. 225.

It is incident to the customary and prudent use of highways by travellers thereon, to hitch their horses temporarily, just out-

side of the highway, while stopping at a neighbor's house, a shop, an inn or a mill; and if the horse becomes frightened, and breaks away, without fault of the driver, he is properly upon the highway. To hold that no recovery can be had for an injury suffered from a defect in the highway by a horse who has been tied outside of its limits, would oblige travellers to tie their horses within the limits of the highway, a much less safe and convenient practice; and would prevent a traveller on a highway, near the boundary between two towns, from maintaining any action for an injury to a horse of which he lost control in one town, and which suffered the injury from a defect in the highway in the other; for in such case the first town would not be liable, because the defect was not in a highway which it was bound to keep in repair; nor the second town, because the plaintiff lost control of his horse before he came upon its highway.

BIGELOW, J. The injury to the plaintiff's horse was the result of causes which happened outside of the limits of the highway, as well as of causes which happened within it. Both contributed to the accident. The case is therefore within the recent decision in *Rowell* v. *Lowell*, 7 Gray, 100, which determines that a city or town is not liable to an action for damages for injuries sustained on the highway, unless the accident is occasioned by causes which occurred entirely within the highway.

There is another decisive objection to the right of the plaintiff to recover in this action. The duty imposed on towns in respect to the repair of highways is, that they should keep them "safe and convenient for travellers, with their horses, teams and carriages." Rev. Sts. *c.* 25, § 1. The liability of towns for defects or want of repair in highways is intended to be commensurate with this duty. It is only those who are using the road for legitimate purposes, in the usual and ordinary mode, that can claim indemnity of a town for injuries caused solely by defects in the highway, or by the combined effect of such defects and pure accident. Beyond this the legal liability of towns does not extend. In the present case, the plaintiff was not travelling on the road at the time of the accident. He had driven his horse

out of the highway and there tied him. His use of the road for the time being had ceased as entirely as if he had taken his horse out of the vehicle, and placed him in a stable, or turned him into a pasture. As it is clear that towns cannot be held responsible for damages happening to animals unlawfully at large, or who escape into the highway, without drivers, through carelessness or accident, it follows, that on the facts proved in this case the plaintiff cannot maintain his action.

*Exceptions sustained.*